```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**TODD J. DELAY,**

       **Plaintiff,**

  vs.                                       Civil Action 2:07-CV-568
                                              Magistrate Judge King

**ROSENTHAL COLLINS GROUP, LLC,**

       **Defendant.**

## OPINION AND ORDER

       Plaintiff, formerly the branch manager at defendant's Columbus office, filed this action seeking indemnification for costs associated with certain litigation and damages in connection with the termination of plaintiff's employment. Plaintiff's claim for indemnification has been dismissed, but the claim for damages based on breach of contract remains pending. *Opinion and Order*, Doc. No. 44. Trial is currently scheduled for November 3, 2008. *Notice*, Doc. No. 46.[1] This matter is now before the Court on defendant's motion for leave to file an answer and counterclaim and to designate an expert witness, Doc. No. 60. Plaintiff does not object to the filing of an answer [2] but does object to the assertion of a counterclaim and the designation of an expert. Plaintiff specifically argues, *inter alia*, that to do so at this juncture will either require a delay of a scheduled trial or preclude meaningful discovery. This Court agrees.

---

[1] The parties waived their right to trial by jury. *Joint Notice*, Doc. No. 53.

[2] The answer is due ten (10) days after the resolution of defendant's motion to dismiss. *See* F.R. Civ. P. 12(a)(4)(A).

At the initial preliminary pretrial conference held in August 2007, the Court directed that primary experts be designated by January 31, 2008, and that responsive designations be made by March 15, 2008. *Preliminary Pretrial Order,* Doc. No. 23, at p.2. All discovery was to have been completed by October 1, 2008. *Order,* Doc. No. 51, at p.1. Moreover, both parties indicated that no expert would be used. *Id.* It is clear that, if defendant is permitted to assert a counterclaim and to designate an expert, the parties cannot meet the discovery completion deadline and be prepared for the scheduled November 3, 2008 trial date.

Rule 16 of the Federal Rules of Civil Procedure permits modification of the Court's scheduling orders "only for good cause and with consent of the judge." Rule 16(b)(4). *See also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Additionally, a party seeking such modification must establish that the schedule "cannot reasonably be met despite the diligence" of that party. *Leary,* 349 F.3d at 906. "Another important consideration for a district court deciding whether Rule 16's 'good cause' is met is whether the opposing party will suffer prejudice by virtue of the" requested modification. *Id.* (citing *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)).

Defendant's proposed counterclaim, assertedly based on the same contract giving rise to plaintiff's damages claim, presents facts and issues markedly different from those presented by plaintiff's claim.[3] Defendant also seeks leave to designate an expert able to address the proper calculation of plaintiff's damages.

The Court is not persuaded that defendant has acted with diligence in attempting to meet the Court's prior scheduling orders.

---

[3] Plaintiff alleges that his employment was terminated without the notice required by the contract. Defendant seeks reimbursement of costs allegedly incurred in connection with other proceedings.

2

Defendant does not explain why it did not previously conduct the discovery that could have shed light on these claims and issues. Moreover, it is clear that, should defendant be granted leave to assert a counterclaim and to designate an expert witness at this late stage, plaintiff will be prejudiced either by an inability to conduct discovery or by a delay of the long-established trial date.

Accordingly, *Defendant's Motion for Leave to File an Answer and Counterclaim and to Designate an Expert Witness*, Doc. No. 60, is **GRANTED in part** and **DENIED in part.** Defendant is **GRANTED** leave to file an answer, but is **DENIED** leave to file a counterclaim and to designate an expert witness. Defendant's answer shall be filed within ten (10) days of the date of this *Order*.


October 8, 2008                              *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge