IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TODD J. DELAY,

      Plaintiff,

  v.                                                Civil Action. 2:07-CV-568
                                                 Magistrate Judge King

ROSENTHAL COLLINS
GROUP, LLC.,

      Defendant.

## OPINION AND ORDER

This matter is before the Court with consent of the parties, 28 U.S.C. § 636(c), for consideration of the Defendant's *Motion to Dismiss Plaintiff's Amended Complaint,* Doc. No. 82. For the reasons that follow, the motion is denied.

## I.

Plaintiff Todd Delay ["Plaintiff"] brings this action against his former employer, Rosenthal Collins Group, LLC ["RCG"], seeking indemnification for all expenses, including attorney's fees, associated with a civil action brought by the Commodity Futures Trading Commission ["CFTC"] against Plaintiff. The case presently before this Court was originally filed in the Court of Common Pleas for Franklin County, Ohio, but was thereafter removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

In January 2002, Plaintiff became the branch manager of RCG's Columbus, Ohio office. *Amended Complaint*, ¶ 1, Doc. No. 4. RCG is a futures commission merchant that operates numerous trading desks on the floors of the Chicago Board of Trade and the Chicago Mercantile

Exchange. *Id.*, ¶ 4. RCG is a limited liability company organized under Illinois law, with its principal place of business in the State of Illinois. *Id.*, ¶ 2. Plaintiff, a resident of the State of Ohio, registered with the CFTC, a federal agency with responsibility for administering and enforcing the Commodity Exchange Act ["CEA"], 7 U.S.C. § 1, *et seq.,* as an "Associated Person" of RCG. *Id.*, ¶ 6. In September 2005, the CFTC filed a civil action against Plaintiff alleging that he "knowingly reported *non-bona fide* sales in the cash feeder cattle market to the United States Department of Agriculture ["USDA"], creating artificially high prices in the market in later October 2003 and profiting thereby." *Complaint*, ¶ 1, in *CFTC v. Delay, et al.*, No. 05-C-5619 (N.D. Ill.).[1] The claims asserted in that action involved acts undertaken by Plaintiff as an employee of RCG. *Amended Complaint*, ¶ 11. Those claims proceeded to trial and, on November 17, 2006, final judgment was entered in Plaintiff's favor on all claims. *Id.*, ¶ 12. During the pendency of that action, however, Plaintiff's employment with RCG had been terminated.

Plaintiff originally filed this action in state court seeking indemnification and asserting breach of his employment contract. As noted *supra,* the action was removed to this Court. Defendant's motion to dismiss the indemnification claim was granted,[2] *Opinion and Order,* Doc. No. 44, but the United States Court of Appeals for the Sixth Circuit reversed that decision. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1007 (6th Cir. 2009). RCG now once again moves to dismiss Plaintiff's claim for indemnification.

---

[1] The action was later transferred to the District of Nebraska pursuant to 28 U.S.C. § 1404(a). In addition to his job as a commodities broker, Plaintiff is a cattleman and farmer with cattle and farm interests in the State of Nebraska.

[2] The decision was issued prior to the parties' consent to the undersigned. The parties later settled the Plaintiff's contract claim. *See Order,* Doc. No. 7.

**II.**

Defendant moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983); *Carter v. Welles-Bowen Realty, Inc.*, 493 F. Supp. 2d 921, 923 (S.D. Ohio 2007). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). Recently, the Supreme Court of the United States explained that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). However, a plaintiff's claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 554. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**III.**

The Court first considers whether it is Illinois law or Ohio law that applies in determining whether Plaintiff has a right to indemnification. A federal court sitting in diversity is to apply

3

the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). RCG takes the position that pursuant to the internal affairs doctrine, a choice-of-law principle that has been recognized by Ohio courts, *see State ex rel. Petro v. Gold*, 166 Ohio App.3d 371 (Ohio Ct. App. 2006), Illinois law governs Plaintiff's claim for indemnification.

The internal affairs doctrine recognizes that "only one State should have the authority to regulate a corporation's internal affairs matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982). The law of the state of incorporation normally determines issues related to the internal affairs of a corporation. *First National City Bank v. Banco para el Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983). RCG argues that Plaintiff's claim for indemnification constitutes an "internal affair" of the company and that Illinois law should therefore govern the claim. Plaintiff disagrees, contending that a company's relationship with its employee is not an internal affair. In this regard, Plaintiff points to wage and hour laws under Section 34, Article II of the Ohio Constitution as well as to the Ohio Civil Rights Act, O.R.C. § 4112.

There is no express authority in either Ohio or Illinois case law as to whether a claim for indemnification constitutes an internal affair of a company. In the Court's view, however, the comparisons made by Plaintiff are inapposite. Wage and hour requirements and anti-discrimination provisions implicate not only the relationship between the employer and the employee but also the broader interests of each state whose laws apply to the business. In contrast, an issue of indemnification would appear to implicate only the interests of the employer

4

and the employee. The internal affairs doctrine, which is intended to address the relationship between the corporation and its officers, directors and shareholders, would appear to apply to an employee's claim to indemnification. This Court therefore concludes that the internal affairs doctrine applies to Plaintiff's claim for indemnification. *See also Miller v. Foodservice, Inc.*, 405 F.Supp.2d 607 (D. Md. 2005) (an employee's claim for indemnification was an internal corporate affair governed by the law of the state of incorporation). Application of the doctrine also leads the Court to conclude that Illinois law governs Plaintiff's claim.

The Court notes that there is no express provision for indemnification in this case; rather, Plaintiff's claim rests on an "implied" theory of indemnification based on agency principles. According to RCG, Illinois law does not recognize such a claim. First, RCG notes that the Illinois Limited Liability Act, 805 ILCS § 180/1, *et seq.*, does not provide for indemnification. While this is true, the statute also provides that, "[u]nless displaced by particular provisions of this Act, the principles of law and equity supplement this Act." 805 ILCS § 180/1-43. Thus, the Court cannot conclude that a right to indemnification does not exist under Illinois law simply because it is not expressly recognized in the Illinois Limited Liability Act.

Plaintiff argues that an implied right of indemnification exists under Illinois common law; RCG disagrees. RCG specifically argues that, following the adoption of the Illinois Joint Tortfeasors Contribution Act, 740 ILCS § 100/1 ["the Contribution Act"], the implied right of indemnification has been limited and does not extend to the situation at bar. In *American Nat. Bank and Trust Co. v. Columbus-Cuneo-Cabrini Medical Center*, 154 Ill.2d 347, 354 (1992), the Illinois Supreme Court noted that the Contribution Act limited but did not abolish all forms of implied right to indemnification. For example, the right remains available to a faultless

defendant in a strict liability action, *Liberty Mutual Ins. Co. v. Williams Machine & Tool Co.*, 62 Ill.2d 77 (1975), and to a faultless principal subjected to vicarious liability for the acts of an agent, *American Nat. Bank and Trust Co., supra*. RCG argues that neither of these circumstances describe Plaintiff's claim to indemnification. Accordingly, RCG contends, Plaintiff has no implied right to indemnification under Illinois law.

The Court disagrees. Despite Illinois' enactment of the Contribution Act, an implied right to indemnification under Illinois common law has been recognized "to cover situations where a faultless agent is subject to liability for acts taken on behalf of a principal . . . ." *Livingston v. Prime Auto Credit, Inc.*, No. 00C2985, 2000 WL 1898502, at *2 (N.D. Ill. Dec. 21, 2000). In such a case, "a faultless agent may state a claim for implied indemnity against a principal where the agent was acting within the scope of the agency relationship." *Id.*, citing *Ores v. Willow West Condominium Ass'n*, No. 94C4717, 1998 WL 852839, at *8 (N.D. Ill. Nov. 30, 1998); *Byrton Dairy Products, Inc. v. Harborside Refrigerated Services, Inc.*, 991 F.Supp. 977, 986 (N.D. Ill. 1997). In order to state a claim for an implied right to indemnification, the agent must establish: (1) that he was acting within the scope of his agency, and (2) that he was faultless. *Id.* In considering the second element of the claim, Illinois courts have looked to the allegations in the underlying action which gave rise to the indemnification claim. *See Ores*, 1998 WL 852839, at *8.

> [A]n agent may obtain indemnity only for losses resulting from *lawful* acts performed within the scope of the agent's authority. . . . An agent's acts will be deemed lawful when the agent performs an act requested by the principal that is not manifestly illegal and that the agent does not know to be wrong. . . . Illegal conduct will not be excused even if undertaken pursuant to the express directions of the principal. . . . Accordingly, the agent will not be permitted to recover expenses incurred in defending the illegal conduct.

6

*Id.*, at \*6 (internal citations omitted).

This implied right to indemnification by an faultless agent is based on longstanding principles of Illinois agency law. "Illinois has long permitted agents sued by third parties for actions taken within the scope of their authority to defend those suits and seek indemnity from their principals for expenses thereby incurred, assuming agents have not engaged in any illegal conduct." *Id.,* at \*6, citing *Virginia Corp. v. Russ*, 27 Ill.App.3d 608 (Ill. App. Ct. 1975); *Johnston v. Suckow*, 55 Ill.App.3d 277 (Ill. App. Ct. 1977). Indemnification under these circumstances includes the right to seek indemnification for attorney's fees incurred in the agent's defense. *Id.* Based on the foregoing, this Court concludes that Illinois law recognizes a claim for an implied right to indemnification by a faultless agent against his principal.

RCG argues that Plaintiff's claim must nevertheless fail because he did not plead that "he was faultless for the CFTC investigation and suit." *Reply Memorandum*, p. 8, Doc. No. 84. In support of this argument, RCG refers to the comments of the court in the District of Nebraska, which characterized the transactions in which Plaintiff had engaged as "highly suspicious." *Id.* As noted *supra*, Illinois courts require an assessment of the underlying action to determine whether the agent pursuing an implied right of indemnification was faultless. *Ores,* 1998 WL 852939, \*8. However, it would be premature, in this Court's estimation, to engage in such an analysis at this juncture of the action. The Court simply concludes that Plaintiff's claim for indemnification, as pled in the *Amended Complaint,* is sufficient under Illinois law to survive RCG's motion to dismiss.³ The Court expresses no opinion at this stage as to the merits of Plaintiff's claim generally or as to the specific issue of whether Plaintiff was without fault in the

---

³Although Plaintiff does not expressly allege in his *Amended Complaint* that he was "faultless" in connection with the underlying action, the Court construes ¶ 15 as tantamount to an allegation of faultlessness.

underlying action.

## III.

In light of the foregoing, the *Defendant's Motion to Dismiss,* Doc. No. 82, is **DENIED**.


**April 7, 2010**     *s/Norah McCann King*
**DATE**          **NORAH McCANN KING**
          **UNITED STATES MAGISTRATE JUDGE**